BurtoN, J.,
delivered the opinion of the court.
The material allegations • in this bill are, that in the year 1855 Samuel A. Yarbro executed his note to one M. F. Wade, payable twelve months after date. Martin F. Wade endorsed the note to one Martin J. Fisher, and he shortly thereafter endorsed the note to complainant Minerva, then Minerva Delaney. Samuel A. Yarbro died soon after the execution of this note, and respondent Luton, and A. M. Yarbro, defendant McMillan’s intestate, were appointed administrators by the County Court of Decatur county. Complainant, through her agent, presented this claim to the administrators Luton and Yarbro, when as she alleges, “they accepted the same and promised to pay *460 the same by written endorsement on said n'ote, which endorsement was dated and signed by each of said parties.” The complainants further say “ the precise date of this endorsement they do not' and cannot recollect,” their recollection is that it was either in 1857-8 or 9, and it may have been antedated from the time of the acceptance and promise as aforesaid.” They further state the loss of the original note. Suit was commenced in. the year 1866, in the Circuit Court of-Gibson county,- as it seems. The loss of the note being supplied in that case by means of a copy of the note taken by the attorney of the plaintiff. It further appears that the suit in the Circuit Court was brought against Luton and McMillan- — A. M. Yarbro it is said having died “about the year 1865” and McMillan having been appointed his administrator.
The averments of this bill arc not more specific or definite as to dates than they are set out above. The suit in the Circuit Court progressed until July, 1869, when the courthouse was burned and the records destroyed.
The bill states that the suit at law was brought against Luton, and against McMillan as the administrator of A. M. Yarbro, upon the acceptance and promise to pay the note. The bill was filed on the 8th day of June, 1870; the object of it is to set up the lost record of the cause in the Circuit Court, and to have relief. The defendants demurred to the bill, and the ground of demurrer principally relied upon was, that by the complainants’ own showing. their bill was barred by the statute of limitations. *461 The Chancellor allowed the demurrer and dismissed •the bill, from which complainants have appealed to this court.
The length of time which has elapsed since the plaintiff's claim arose, was not at one time classed amongst the causes of objection . to a bill of which the defendant may avail himself by. demurrer. It was formerly considered that length of time was a' proper ground for a plea, and not for a demurrer; and in Gregory v. Moleswonte, Lord Hardwick refused to allow a demurrer of this nature, alleging as his reason, that several' exceptions might take it out of the length of time, as infancy or coverture, which the party should have the advantage of showing, but which cannot be done if demurred to. This, however can hardly be a sufficient reason for the distinction in this case between a plea and a demurrer, as the plaintiff, if he has any reason to allege to take his case out of the bar, arising from the length * of time, may show it by his bill, and it appears to be clearly the rule of the court that the statute of limitations, or objections, in analogy to it, upon the ground of laches may be taken advantage of by way of demurrer as well as by plea. 1 Dan. Chan. Plead, and Prac., 584-5. The same principle is announced by this court in Dunlap v. Gibbs, 4 Yer., 96.
The principle however in that case was - applied to a bill seeking to recover lands where time had operated to destroy the title, as well as to defeat the remedy. But the principle, we think, is applicable as well to cases where the remedy is barred and ’ the *462 right not extinguished, as in this case the party can allege the reason that takes his case out of the bar of the statute.
To determine whether these principles are applicable to the case in hand, it is .necessary to notice with some particularity the causes of demurrer as they arc sot out. The statement in the third cause of demurrer is, that the complainants’ bill shows that the. debt against Samuel A. Yarbro is barred. The cause of demurrer as thus stated, is no answer to the complainants’ bill, for ' the reason already stated, that we take this as a bill to enforce the promise to pay the debt made by Luton and A. M. Yarbro, which promise we hold to be their individual undertaking, McWhirter v. Jackson & Williams, 10 Hum., 209.
The fourth cause of demurrer is disposed of by stating that it is predicated upon a misapprehension of the frame of the bill. It is said that it is brought against defendants as executors of A. M. Yarbro, and the statute of two years and six months is l’elied upon. We have already seen that the bill is brought to hold Luton liable individually, and not as administrator of Samuel A. Yarbro, and also that McMillan is sought to be made liable on a promise made by A. M. Yarbro, .his intestate, which, if binding A. M. Yarbro at all, bound him personally. The bill • alleges that A. M. Yarbro died in 1865, now, the time that the statute run against complainants was, as we hold, until the suit at law was brought in 1866 and not the time when this bill was filed to supply the lost record, in 1870, so that it *463 does not appear tbafc six years have run against tbe complainant.
The statement of this defence of the statute of limitations is varied in the other causes of demurrer assigned, but we think that the principles already announced show that the demurrer is not an answer in law to the complainants’ bill.
The difficulty we have had however, has been, not in deciding that the bill charged a personal promise and undertaking on the part of Luton and A. M. Yarbro. This much we think is sufficiently alleged. But one difficulty has been in deciding whether their promise as therein set out was supported by any valuable consideration. It is not averred in words that they received any value for their promise to pay the §850 note made by their intestate Samuel A. Yarbro.' But it is averred they were his administrators and they were bound to pay this debt without any special promise, so far as assets of the estate of Samuel 'A. Yarbro came to their hands, and we think that we ought to infer that some assets at least, did come to their hands and this would support their promise to pay.
It is true that a written promise in general must be sustained by a consideration, and this consideration must be alleged in pleading. But under the facts already set forth in this particular case, we do not feel bound to hold on demurrer that the promise was not without consideration. We think it is a case where an answer should be filed, when from the - proof in the cause it can be .made to appear whether there was any con *464 sideration for the promise, and under proper pleadings whether the promise ' if originally binding, is barred by the statute of limitations. Under our liberal practice we feel bound to regard the bill as an imperfect statement of a good cause of suit.
The result of this opinion is that the decree of the Chancellor must be reversed, and the cause remanded to be proceeded in, but the complainants must pay the costs of this court and of the court below.